Filed 11/1/22 P. v. Strong CA3
Opinion on remand from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091162 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F06729) |
| v. | |
| CHRISTOPHER STRONG, | OPINION ON REMAND |
| Defendant and Appellant. | |

Defendant Christopher Strong appeals from the trial court's order dismissing his petition for resentencing brought pursuant to Penal Code section 1172.6[1] (formerly section 1170.95).[2] Defendant argues the trial court erred when it determined that his convictions for first degree murder with robbery, burglary, and multiple-murder special circumstances precluded his eligibility for relief.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering.

1

On December 18, 2020, we affirmed the trial court's order. (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.].) On July 26, 2021, our Supreme Court reversed and remanded the matter to this court for further proceedings. (*People v. Strong* (2022) 13 Cal.5th 698, 721 (*Strong*).) Consistent with that decision, we will reverse the order denying the petition and remand the matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

*Defendant's Convictions*

In 2014 a jury found defendant guilty of two counts of first degree murder (§ 187) and found true three special circumstance allegations of robbery murder (§ 190.2, subd. (a)(17)), burglary murder (§ 190.2, subd. (a)(17)), and multiple murder (§ 190.2, sub. (a)(3)).

In its charge to the jury at the conclusion of the parties' presentations, the trial court included CALCRIM No. 703 (Special Circumstances: Intent Requirement for Accomplice After June 5, 1990—Felony Murder (Pen. Code, § 190.2(d))), which told the jury that if it found defendant was not the actual killer, in order to prove the special circumstances true: "[T]the People must prove either that the defendant intended to kill, or the People must prove all of the following:

"1. The defendant's participation in the crime began before or during the killing;

"2. The defendant was a major participant in the crime;

"AND

"3. When the defendant participated in the crime, he/she acted with reckless indifference to human life."[3]

The convictions resulted from an attempted home invasion robbery of a drug dealer by defendant and his codefendant, Donald Ortez-Lucero. During the robbery,

---

[3] The record does not include the jury instructions given at trial, but defendant acknowledges the jury was instructed with CALCRIM No. 703.

Ortez-Lucero shot and killed a man and his infant son.[4] (*People v. Ortez-Lucero et al.* (Dec. 27, 2017, C076606) [nonpub. opn.].) We affirmed the judgment on appeal. (*Ibid.*)

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1172.6 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in

---

**4** The Attorney General requests we take judicial notice of our opinion from the direct appeal of defendant's case. Defendant does not object to the request. We will grant the request and take judicial notice of the opinion. (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

3

the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 also added section 1172.6, which allows those "convicted of felony murder or murder under a natural and probable consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine. . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

As relevant here, once a complete petition is filed and "[a]fter the parties have had an opportunity to submit briefing, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).) At the prima facie stage, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) A court may deny a petition if the record of conviction contains facts refuting the allegations made in the petition. (*Ibid.*) But it "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

"Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner." (§ 1172.6, subd. (d)(1).) "A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove,

4

beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).)

*Defendant's Petition*

In 2019, defendant, through counsel, filed a form petition for resentencing pursuant to section 1172.6. He declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, he was convicted of first degree or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, and he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. Counsel attached briefing detailing defendant's sentence and requesting resentencing. As relevant here, the People responded that defendant was ineligible for relief because the special circumstance, found true, described that defendant was the actual killer, intended to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life.

The trial court dismissed the petition in a written order. The court found in relevant part that defendant "fail[ed] to show in any of the pleadings filed by himself or by his counsel, that he is eligible for relief under Penal Code § [1172.6]. In Case No. 11F06729, he was convicted of two counts of Penal Code § 187 first degree murder, with three special circumstances -- Penal Code § 190.2(a)(17) robbery-murder; Penal Code § 190.2(a)(17) burglary-murder; and Penal Code § 190.2(a)(3) multiple murder -- unanimously found true by a jury beyond a reasonable doubt with regard to each of the two murders. In so finding, the jury necessarily found that defendant Strong either was the actual killer, intended to kill, or was a major participant who acted in the robbery and burglary with reckless indifference to human life, as the jury was specifically instructed with CALCRIM no. 703 with regard to all three of the special circumstances. Defendant Strong does not show otherwise. [¶] In an opinion issued on December 27, 2017, the

5

Third District Court of Appeal affirmed the judgment on appeal. Defendant Strong did not raise any claim under People v. Banks (2015) 61 Cal.4th 788 or People v. Clark (2016) 63 Cal.4th 522, even though those opinions had long been issued during the pendency of defendant Strong's appeal. The Third District issued its remittitur on the appeal on April 12, 2018, rendering the judgment against defendant Strong final in Case No. 11F06729. [¶] This court's underlying file for Case No. 11F06729 does not indicate that there has been any subsequent post-conviction proceeding in which any or all of the special circumstances have been vacated or defendant Strong resentenced in any manner for any reason."

The order concluded: "As Penal Code §§ 187 and 189 still provide for first degree murder based on robbery-murder and burglary-murder, when the trier of fact has found beyond a reasonable doubt that the defendant either was the actual killer, intended to kill, or was a major participant who acted in the robbery with reckless indifference to human life, and as a unanimous jury in Case No. 11F06729 necessarily found that to be so beyond a reasonable doubt with regard to each of the two first degree murders, and as it does not appear that there has been any post-conviction proceeding in which it was ordered that defendant Strong's special circumstance findings be vacated in Case No. 11F06729, defendant Strong is ineligible for the relief he seeks. Under these circumstances, it is simply beyond a reasonable doubt that defendant Strong would have been convicted of first degree murder on both counts even if the SB 1437 amendments to Penal Code §§ 188 and 189 had been effective at the time of his trial." The court then dismissed the petition, which we construe as a denial thereof.

## DISCUSSION

Defendant argues the trial court erred when it determined the special circumstance findings from his 2014 trial conclusively established that he was a "major participant who acted in the robbery and burglary with reckless indifference to human life." He posits that because the definitions of "major participant" and "reckless indifference to human

6

life" were clarified by our Supreme Court *after* the jury made its findings, in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, the special circumstance findings from his trial are potentially invalid. Relying on *People v. Torres* (2020) 46 Cal.App.5th 1168 (*Torres*), defendant asserts *Banks* and *Clark* require further litigation of his case to determine his eligibility for relief. We agree.

In *Strong*, *supra*, 13 Cal.5th 698 at page 710, our Supreme Court concluded "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437."

In reaching this conclusion, our Supreme Court rejected the Attorney General's argument that "prior special circumstance findings always foreclose relief in section 1172.6 proceedings." (*Strong, supra*, 13 Cal.5th. at p. 716.) The Supreme Court noted *Banks* and *Clark*, both decided after the jury made its findings, "substantially clarified the law governing findings under . . . section 190.2, subdivision (d)" by providing guidance on "what is means to be a major participant and . . . what it means to act with reckless indifference to human life." (*Id.* at pp. 706-707.) These changes have "traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Id.* at p. 717.) Because "[f]or petitioners with pre-*Banks*/*Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time," such findings do not negate a petitioner's prima facie entitlement for relief under section 1172.6, which requires a showing that the petitioner could not be convicted of murder under the current standard. (*Strong*, at p. 718.)

Our Supreme Court's decision in *Strong* held a trial court cannot "reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Strong*, *supra*, 13 Cal.5th at p. 719.) This is because, in the wake of *Banks* and *Clark*, much about the trial environment has changed. (*Ibid.*) These changes included "the arguments available to counsel," the "evidence defense counsel would have sought to

introduce," "trial strategies," and the availability of "optional additional instruction on the *Banks* and *Clark* factors . . . with the possibility that different outcomes might have resulted." (*Id.* at pp. 719-720.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences." (*Id.* at p. 720.) And "such a determination would entail factfinding prohibited at the prima facie stage." (*Ibid.*) In any event, the Legislature "has made explicit in a recent amendment" that a prior court finding of substantial evidence supporting the homicide conviction is not a basis for denying resentencing after an evidentiary hearing. (*Ibid.*) "Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Ibid.*)

However, a defendant may still challenge prior adverse special circumstance findings in other types of proceedings such as a direct appeal or a habeas corpus petition because "nothing in section 1172.6 says that a defendant *must* always do so before seeking resentencing." (*Strong*, *supra*, 13 Cal.5th at p. 713.)

Here, defendant's petition claimed that he was prosecuted for and convicted of murder under the felony murder or the natural and probable consequences doctrine, and that he could not now be convicted of murder based on the recent changes to sections 188 and 189. Accepting these allegations as true, defendant would be entitled to relief.

The trial court denied defendant's petition at the prima facie stage based on the jury's pre-*Banks*/*Clark* special circumstances findings. As explained in *Strong*, these findings did not negate defendant's entitlement to relief under section 1172.6 because they were not subject to beyond-a-reasonable-doubt certainty under the current standards. Nothing else in the record refutes the allegations in defendant's petition. (See *People v. Lewis*, *supra*, 11 Cal.5th at p. 927 [courts may not engage in factfinding at the prima facie stage].) Defendant therefore made a prima facie showing of his entitlement to relief, and the trial court must issue an order to show cause.

8

## DISPOSITION

The trial court's order dismissing defendant's petition under section 1172.6 is construed as a denial thereof and is reversed. The matter is remanded to the trial court for issuance of an order to show cause and further proceedings consistent with section 1172.6, subdivision (d).

                                                                         /s/
                                                                   Duarte, J.

We concur:

/s/
Hull, Acting P.J.

/s/
Boulware Eurie, J.